UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WILLIE MORRIS,

      Petitioner,

v.                   9:18-CV-0718
                    (GLS/DEP)
PAUL CHAPPIUS, Superintendent,
Elmira Correctional Facility,

      Respondent.

---

APPEARANCES:             OF COUNSEL:

OFFICE OF THERESA M. SUOZZI      THERESA M. SUOZZI, ESQ.
Counsel for Petitioner
480 Broadway
Suite 218
Saratoga Springs, NY 12866

HON. LETITIA JAMES           JODI A. DANZIG, ESQ.
Attorney for Respondent          Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

DAVID E. PEEBLES
Chief U.S. Magistrate Judge

**DECISION and ORDER**

**I. INTRODUCTION**

On June 19, 2018, petitioner Willie Morris filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On December 7, 2018, respondent filed an answer to the petition, as well as a memorandum of law in support of said response and relevant state court records. Dkt. No. 15, Answer; Dkt. No. 16, Respondent's Memorandum of Law ("R. Mem."); Dkt. Nos. 17-18, State Court Records.

On January 14, 2019, petitioner filed motion to stay the case, compel production of all trial court exhibits, and enter a default judgment. Dkt. No. 22. Per the Court's Order on January 15, 2019, petitioner's submission was stricken from the record. Dkt. No. 23. Petitioner was informed that, as he was represented, any submissions filed with the Court must come through his counsel. *Id.*

On January 18, 2019, counsel for petitioner filed a letter motion with the Court requesting petitioner's pro se motion to stay and motion "request[ing] that all trial exhibits be properly provided to the Court" be reinstated. Dkt. No. 24 at 1.[1] On January 22, 2019, the Court denied counsel's request. Dkt. No. 25. The Court provided counsel thirty days to either file a proper motion to stay the case or file a reply. *Id.* To the extent the letter motion requested to expand the record, the Court provided respondent with thirty days to file a response. *Id.*

On January 24, 2019, respondent opposed petitioner's request to expand the record via production of additional documents. Dkt. No. 26. On February 3, 2019, petitioner's counsel filed a (1) motion to stay; (2) motion to compel production of "full unredacted tape recordings of jailhouse calls . . . as well as trial minutes from the first trial relevant to the acquittal of the Stolen Property charge[,]" and (3) motion for an extension of time to file a reply to respondent's answer. Dkt. No. 27 at 1. The motion included an affidavit from petitioner, which also outlined arguments for his entitlement to various forms of relief including the pending motions for a stay and order compelling the production of various trial court documents, as well as a default judgment. Dkt. No. 27-2 ("Pet. Aff.").

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

On February 4, 2019, respondent filed a letter motion asking that portions of petitioner's submission be stricken from the record, namely those related to discovery and a default judgment. Dkt. No. 28. On February 20, 2019, respondent opposed petitioner's motion to stay. Dkt. No. 29.

Presently pending before the Court are (1) petitioner's motion to stay (Dkt. No. 27); (2) petitioner's motion to expand the record (Dkt. No. 24); (3) petitioner's motion for an extension of time to file his traverse (Dkt. No. 27); and (4) respondent's motion to strike portions of petitioner's motion to stay (Dkt. No. 28). For the aforementioned reasons, (1) petitioner's motions to stay and to expand the record are denied; (2) petitioner's request for an extension is granted in part; and (3) respondent's motion to strike is denied.[2]

## II. PENDING HABEAS PETITION

Petitioner challenges a 2014 judgment of conviction in Albany County, upon a jury verdict, of criminal possession of a weapon in the second degree. Pet. at 3. The New York State Supreme Court, Appellate Division, Third Department, affirmed the judgment of conviction on direct appeal, and, on November 4, 2016, the New York Court of Appeals denied leave to appeal. *Id.*; *accord, People v. Morris*, 140 A.D.3d 1472, 1478 (3d Dep't

---

[2] The motion for a default judgment included in petitioner's affidavit is not properly before the Court. The Court previously struck the motion from the docket. Dkt. No. 23. Further, petitioner's counsel did not adopt the motion in the presently pending filing. Dkt. No. 27 at 1.
Moreover, "Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestly v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Rule 55(a), the petitioner must obtain a clerk's entry of default. FED. R. CIV. P. 55(a); *see also* N.D.N.Y.L.R. 55.1. Second, under Rule 55(b)(2) the petitioner must "apply to the court for entry of a default judgment." *Priestly*, 647 F.3d at 505; *see also* N.D.N.Y.L.R. 55.2(b). As an initial matter, petitioner's failure to request an entry of default by the Clerk of the Court in accordance with Rule 55(a) of the Federal Rules of Civil Procedure prior to filing his motion for entry of a default judgment requires that his motion be denied. *See American Alliance Ins. Co., Ltd. v. Eagle In. So.*, 92 F.3d 57, 59 (2nd Cir. 1996). Second, petitioner's claims that the Court cannot sufficiently rule on the merits because of "gamesmanship" and the respondent's failure to advance certain arguments at the state court level are unavailing. Pet. Aff. at 17-19. Respondent has actively and timely participated in the pending proceeding.

3

2016), *lv. denied*, 28 N.Y.3d 1074 (2016), *recon. denied*, 29 N.Y.3d 951 (2017). Additionally, petitioner states that, on or about January 23, 2018, he filed a petition for a writ of error coram nobis; that the Third Department denied his application; and that, in June 2018, the New York Court of Appeals denied leave to appeal. Pet. at 3.

Petitioner contends that he is entitled to habeas relief on the following grounds: (1) he was subjected to an unreasonable search and seizure, and evidence admitted against him at trial should have been suppressed; (2) the presentation of certain evidence from petitioner's first trial violated principles of collateral estoppel and New York Criminal Procedure Law § 160.50; (3) the trial court improperly admitted evidence of a prison phone call recording; (4) the prosecution engaged in misconduct in numerous respects; (5) the evidence was legally insufficient to support the conviction, and the verdict was against the weight of the evidence; and (6) trial counsel rendered ineffective assistance. Pet. at 4-89. For a complete statement of petitioner's claims, reference is made to the petition.

### III.  MOTION TO STAY

Petitioner asserts that his motion should be granted "so that he can file another CPL 440.10 Motion in State Court first [because h]e believes that the ineffective assistance of counsel claim was not properly raised in the direct appeal by his appellate counsel[.]" Dkt. No. 27 at 3-4. In the attached affidavit, petitioner asserts that good cause is demonstrated by the fact that "the government used crimes that was indeed acquitted at the first trial in order to convict petitioner with the acquitted crimes at the second trial [which] was foul, cruel, and upsetting." Pet. Aff. at 12.

In opposition to petitioner's motion, respondent argues that a stay is inappropriate because petitioner has failed to establish any cause, let alone good cause, to satisfy the

appropriate standard. Dkt. No. 29 at 3. Further, respondent contends that petitioner's unexhausted claims are not potentially meritorious. *Id.* at 3-7.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

Petitioner asserted ineffective assistance of counsel claims in his petition and admits that they are unexhausted. Accordingly, the petition is mixed. However, petitioner has not established that staying the action is warranted at this time.

Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. Petitioner relies upon the state prosecutor's improper use of information from his first criminal trial, from which

5

petitioner was acquitted, during his subsequent criminal trial to serve as good cause supporting the instant motion. Pet. Aff. at 12. However, based upon those allegations, the factual basis underlying this claim is not elusive and was known to petitioner at the conclusion of his second trial and direct appeal. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *3 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Further, the petitioner has not ever alleged confusion, let alone reasonable confusion, regarding how exhaustion of his state claims worked. In fact, petitioner correctly asserts that he requires a stay to file the appropriate motion in New York state court in order to exhaust his ineffective assistance of counsel claims. *See* Pet. Aff. at 10-11 (explaining that because "counsel's errors are a mixed claim . . . and can only be reviewed as a whole [and] were matters . . . on/off the record . . . [petitioner's claim] can only be reviewed in a CPL 440 . . . motion to state court."). Such assertions demonstrate that reasonable confusion cannot serve as the basis for good cause. *See Holguin*, 2013 WL 3344070, at *3 (holding petitioner was not reasonably confused on how to exhaust his claims where "he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York State Court."). Instead, petitioner provided no explanation to the Court for why he failed to exhaust his claims in the first place. *See McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition."). This failure is fatal to petitioner's motion.

6

Moreover, petitioner has not shown any objective factor that was responsible for his failure to previously exhaust. "Districts courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted). To the extent petitioner's claims can be liberally construed to allege that his unfamiliarity with the legal system was a potential factor available to excuse his failure to exhaust, such claims would be meritless. Petitioner's pro se status and inexperience with the law have consistently been deemed insufficient factors to establish good cause. *Craft v. Kirkpatrick,* No. 6:10-CV-6049, 2011 WL 2622402 at *10 (W.D.N.Y. Jul. 5, 2011) ("The Court has found no cases supporting the proposition that a petitioner's ignorance of the law constitutes 'good cause' for the failure to exhaust."); *Fink v. Bennett*, 514 F. Supp. 2d 383, 389 (N.D.N.Y. 2007) (explaining that "the mere failure of a petitioner to be aware of a particular area of the law," is insufficient to satisfy the good cause standard); *Stephanski v. Superintendent, Upstate Corr. Fac*., 433 F. Supp. 2d 273, 279 (W.D.N.Y. 2006) ("[A] petitioner's allegation that he is *pro se* and inexpert in the law does not provide sufficient 'cause' to excuse the failure to [properly exhaust .]"). Instead, petitioner is now represented by counsel, so he has a representative who is experienced and knowledgeable in the law.

Furthermore, to the extent that petitioner contends that he requires evidence from his earlier trials to exhaust his ineffective assistance of counsel claims, for the reasons explained below, such arguments are unavailing. Finally, this Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see*

*also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider respondent's arguments that petitioner's claims are plainly meritless. Accordingly, based on the foregoing, petitioner's motion to stay is denied.

## IV.  MOTION TO EXPAND THE RECORD

In his motion, petitioner asks the Court to direct the respondent to expand the record to include (1) his first trial transcripts and (2) tapes of jailhouse calls, both redacted and unredacted. Dkt. No. 27 at 4-5; *see also* Pet. Aff. at 8.[3] Petitioner contends that the Court needs to see and hear these documents in their unabridged form otherwise this Court would be unable to determine whether collateral estoppel applied or "see the full prejudicial effect that the redacted tape . . . had on the [petitioner's] ability to have a fair trial." Dkt. No. 27 at 4-5; *see also* Pet. Aff. at 9.

Respondent contends that the transcript and tapes are unimportant to this Court's ability to review the habeas petition because, petitioner's request for the first trial transcript is unnecessary as "[t]he transcript of the second trial is all that this Court needs to [evaluate] petitioner's collateral-estoppel claim[.]" Dkt. No. 26 at 1. Further, to the extent petitioner

---

[3] In petitioner's attached affidavit, he also seeks the production of several more documents including: (3) the memorandum of law from petitioner's suppression hearing in the trial court; (4) the pretrial evidentiary rulings of the trial court; (5) his motion to reargue his application for leave to appeal, made to the Third Department, about his Fourth Amendment and collateral estoppel claims; and (6) his application for leave to appeal the coram nobis decision submitted to the Court of Appeals. Pet. Aff. at 8-9. These arguments were also not adopted by counsel when she made her present motion; therefore, they are not currently before the Court.

made an argument about the jailhouse calls, such arguments are non-cognizable and meritless.[4] *Id.*

"A habeas petition, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, pursuant to Habeas Rules 6 and 7, a district court may order discovery or expansion of the record where a party demonstrates good cause. Good cause is demonstrated where the petitioner advances "specific allegations before the court [to] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief . . . ." *Bracy*, 520 U.S. at 909 (internal quotation marks omitted).

### A. Transcript of the First Trial

Petitioner alleges that the transcript from his first trial is essential for this Court to determine whether information about a stolen weapon was improperly referenced in petitioner's second trial in violation of the doctrine of collateral estoppel because petitioner was acquitted of the charges of criminal possession of stolen property at the conclusion of his first trial. Dkt. No. 27 at 5; Pet. Aff. at 16. Specifically, petitioner contends that his "claim cannot be sufficiently determined by this Court without . . . having the benefit and opportunity to review both transcripts . . . [and] determine whether there was an evidentiary fact that warranted the state court to make a ruling contrary [to] . . . the standards set forth in *Ashe* . . . ." Pet. Aff. at 16.

---

[4] Respondent admits that the Attorney General's Office unsuccessfully attempted, on numerous occasions and from several sources, to obtain the tapes of the jail house calls. Dkt. No. 26 at 1. However, respondent was "told that the exhibits cannot be located." *Id.*

Collateral estoppel "prohibits a state from re-litigating ultimate facts resolved in the [petitioner's] favor by the prior acquittal." *Blackshear v. Donnelly*, No. 9:03-CV-0450 (LEK/VEB), 2008 WL 150414, at *8 (N.D.N.Y. Jan. 14, 2008) (citing *Ashe v. Swenson*, 397 U.S. 437, 445-46 (1970)). More specifically, collateral estoppel provides protection from not only being "retri[ed] for the same offense . . . [but also] against prosecution for an offense that requires proof of a fact found in his favor in a prior proceeding." *Id.* (internal quotations and citations omitted). It is important to note that "collateral estoppel is less liberally applied in criminal cases than in civil actions because considerations peculiar to the criminal process may outweigh the need to avoid repetitive litigation." *Id.*, 2008 WL 150414, at *9 (internal quotations and citations omitted).

Here, petitioner's request for production of the first trial transcript is not supported by good cause. Without commenting on the ultimate merits of petitioner's collateral estoppel claim, whether the gun in question was stolen or not is not a common element of the crime to which petitioner was acquitted in the first trial and the crime for which petitioner was convicted in the second trial. *Compare* N.Y. Penal Law § 165.45 (finding a person guilty of fourth degree criminal possession of stolen property when he or she "knowingly possess stolen property, with the intent to benefit himself or [another] . . . other than [the] owner thereof or to impede recovery by the owner, and when: . . . [t]he property consists of one or more firearms . . . .") *with* N.Y. Penal Law § 265.03 (finding a person guilty of second degree criminal possession of a weapon when he or she "possesses any loaded firearm . . . [outside of a] person's home or place of business."). Therefore, whether the gun in petitioner's second criminal trial was stolen or lawfully possessed was irrelevant to the determination of petitioner's second criminal conviction. The elements of the crime required petitioner to be in

10

possession of a loaded firearm outside of his home. N.Y. Penal Law § 265.03. Diving into the details of the rightful owner of the gun is tangential and unnecessary, as indicated by the trial judge when he instructed the jury that petitioner was "not charged with possession of a stolen firearm." T. 176.

In sum, the answer to the question of who was the rightful owner of the gun carries no relevance to petitioner's criminal liability. So examining the trial transcript would not be helpful in developing the record about whether there was a fact decided in petitioner's favor in the first trial, because, as previously stated, that is irrelevant to the second conviction. Thus, there is no need for further factual development because petitioner could not possibly to demonstrate that any information from the first trial transcript will further his pending petition.

In addition, petitioner has failed to discuss how the policy considerations disfavoring collateral estoppel in criminal trials would be overcome in his case so that this information, even if true, would entitle him to relief. Accordingly, petitioner's request is denied.

### B. Jail House Calls

To the extent that petitioner contends the record must be expanded to include the trial exhibits of his taped phone calls, such claims are also not supported by good cause. Petitioner contends that had the entire call been heard, the jury would have reached a more favorable verdict for the petitioner. Pet. Aff. at 14. Specifically, petitioner contends that the tapes were redacted in a way that was detrimental to his case because the omitted testimony

> misleaded and misguided the jury to convict [petitioner]. . . . Had
> the state court . . . allowed the jury to hear the calls in its totality,
> the jury would of can to a different conclusion that [petitioner] was
> not aware it was police approaching in the vehicle, and the jury
> verdict would have been more favorable to [petitioner].

11

*Id.* Additionally, petitioner alludes to the fact that the "calls . . . used to impeach defense witness concerning her material statements," about the night in question would not have been as effective has the entire tape been played. *Id.* at 13.

Petitioner has failed to allege that access to the unabridged version of the tape would entitle him to relief. Petitioner's contentions seem to intimate that because the entire recorded conversation was not heard by the jury, the jury was not privy to the fully developed factual story and that, if they were, petitioner claims he would have received a more favorable verdict. However, petitioner testified regarding the same facts which the tape is alleged to contain: that he was unaware that the men approaching in the unmarked vehicle were police officers and, because of that, petitioner was frightened and ran away. Dkt. No. 18-7, Trial Transcript ("T."), at 444-450. The jury had the ability to listen to the petitioner tell his own story, as well as the supporting testimony from a defense witness. This is memorialized in the trial transcripts before this Court. There is no need for the tapes. The factual record was presented via the content of petitioner's and the defense witness's testimony. T. 389-412 (testimony of petitioner's sister and defense witness); *Id.* at 437-484 (testimony of petitioner). Thus, petitioner's conclusory claims fail to specifically articulate what information would be gleaned from the unredacted tape to lead the jury to come to a different conclusion.

Accordingly, no good cause for expanding the record has been shown since the unabridged tape's contents would not assist in the development of the factual scenario to further the presently pending petition: instead, it would remain the same as was previously presented. Petitioner's motion, therefore, is denied.

## V. MOTION TO STRIKE

Respondent moved to strike petitioner's motion to the extent relief other than the stay is being sought. Dkt. No. 28. The Local Rules indicate that "[r]eply papers . . . are not permitted without the Court's prior permission." N.D.N.Y.L.R. 7.1(b)(2). While petitioner's counsel did not acquire permission as required, the Court has reviewed the entirety of the submission and, while improperly filed, has decided to liberally construe it as a reply.

Accordingly, respondent's motion to strike is denied.

## VI. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay this action (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that petitioner's motion to expand the record (Dkt. No. 27) is **DENIED**; and it is further

**ORDERED** that petitioner's motion for an extension of time to file his reply (Dkt. No. 27) is **GRANTED IN PART**. Petitioner shall have thirty (30) days from the date of this Order to file a reply. If petitioner chooses to file a reply, it must not exceed fifteen (15) pages in length, excluding exhibits, and the arguments contained in the reply shall be limited to addressing the arguments raised by the respondent in his answer and memorandum of law in opposition to the petition. This Court will not consider any new grounds for relief or other legal theories asserted by petitioner in his reply that were not previously asserted by him in his petition; and it is further

**ORDERED** that respondent's motion to strike (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in

accordance with the Local Rules.

Dated: March 14, 2019

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge